State of Connecticut *v.* Carl W. Nieuwboer, Jr.

Review Division of the Superior Court

Decided May 19, 1967

*Donal M. Collimore,* of Fairfield, for the defendant.

*John E. Vallerie, Jr.,* assistant prosecuting attorney, for the state.

By the Division. The defendant, seventeen years of age, pleaded guilty to three counts of larceny of property not exceeding $15 in value, and to three counts of larceny of property exceeding $15 but not exceeding $250 in value, in violation of § 53-63 of the General Statutes. Where the value does not exceed $15, the statute provides for a fine of not more than $25 or imprisonment for not more than thirty days or both. Where the value exceeds $15 but does not exceed $250, the prescribed penalty is a fine of not more than $200 or imprisonment for not more than six months or both.

On September 27, 1966, the court imposed a sentence of commitment to the Connecticut reformatory on each of the six counts. The record does not indicate whether the sentences were to be served concurrently or consecutively. In such a case the sentences must be held to run concurrently. *Maher* v.

*Cummings,* 19 Conn. Sup. 237, 240. As commitment to the reformatory was ordered by the Circuit Court, the defendant may not be detained for more than two years. General Statutes § 17-391. Under the parole rules in effect at the reformatory, he will be eligible for parole after nine months, if warranted by his behavior.

On June 21, 1966, the defendant and two companions were at a poolroom in Fairfield. Three months previously, the defendant had taken from a gasoline station a key that opened 7-Up vending machines. They talked about stealing money from these machines, and during that night and the next morning they went to six gasoline stations in Norwalk and three in Westport where they opened 7-Up machines and stole amounts of money ranging from $5 to $25. The amounts taken were estimated by the operators of the gasoline stations. The young men were arrested when a passing police officer noticed an open door in a gasoline station and investigated. The defendant had a poor record as a juvenile and a minor record thereafter.

The offenses in question were all committed in a matter of hours. The defendant was a witness for the state at the trial of one of his companions who pleaded not guilty, and helped the state obtain a conviction. Such cooperation should be encouraged and rewarded. He was unable to post bond and was in jail for a period of three months and five days before he was sentenced. In view of these considerations, we feel that a sentence of not more than two years, without possibility of parole for nine months, was too severe. We believe that a sentence of eight months would be fair and just, particularly in view of the fact that upon the expiration of the eight months he will have been in jail and the reformatory for a continuous period of more than eleven months.

It is ordered that the sentence imposed upon the defendant be suspended on May 27, 1967, and that he be released from custody on that day.

PALMER, HEALEY and BARBER, Js., participated in this decision.